# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                         **CASE NO. 6:24-mj-2074-EJK**

**JONATHAN MICHAEL ROBARGE**
_____/

## ORDER

Defendant Jonathan Michael Robarge was arrested in this District based on charges pending in the Eastern District of North Carolina. (Doc. 1.) On October 8, 2024, Robarge had his initial appearance before the undersigned. (Doc. 2.) At the initial appearance, the United States requested that Robarge be detained based on danger to the community and to one specific witness. Robarge requested that the detention hearing be held in this District, so the Court received evidence and determined that there were conditions that could be set to address the concerns articulated by the United States. (Doc. 11.) Following the hearing, the United States orally moved for a stay of the undersigned's release order to seek review by a district judge in the charging district. (Doc. 12.) The undersigned granted the motion and allowed the United States until October 11, 2024, to file a written motion to stay. (Doc. 13.) The United States filed the present Notice of Appeal and Motion for Stay ("Motion") on October 11, 2024. (Doc. 14.) Robarge timely responded in opposition on October 16, 2024. (Doc. 15.)

The process for review of a magistrate judge's release order is set forth in 18 U.S.C. § 3145, which states, in relevant part:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—
>
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; . . .

In its Motion, the United States represents that it has filed a motion to revoke the release order in the Eastern District of North Carolina, and it requests that Robarge be transferred to that district so that a district judge may hold a hearing on the matter. (Doc. 14 at 2.) In response, Robarge reiterates the arguments previously made in support of release and contends that "[b]y granting the motion for stay, we risk setting a precedent that either side can ask the Court to stay its orders when a ruling imposed in not favorable to that side." (Doc. 15 at 8.) While it is true that either side can ask for a stay of any detention or release decision, a stay is not required by the statute. Each judge must consider each request on a case-by-case basis. In this instance, the undersigned finds a stay to be appropriate, particularly since the charges originate from another district.

Accordingly, the Motion is **GRANTED**. The Order Setting Conditions of Release (Doc. 11) is **STAYED** pending a ruling from a district judge in the Eastern District of North Carolina. The Clerk is directed to **TRANSFER** this case to the Eastern District of North Carolina for all further proceedings. The U.S. Marshals Service is

**ORDERED** to **TRANSPORT** Robarge to the Eastern District of North Carolina, Western Division, and to hold him in custody until otherwise ordered by that Court.

**DONE** and **ORDERED** in Orlando, Florida on October 17, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE